UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X    14-cv-06605-NG-PK

SPRING HOMES LLC,

                                Plaintiff,                    AFFIRMATION IN
                                                                 FURTHER SUPPORT

               -against-                     OF MOTION FOR
                                                                 DEFAULT JUDGMENT

JEANETTE RIVERA, NEW YORK STATE DEPARTMENT   OF FORECLOSURE
OF TAXATION AND FINANCE, THE UNITED STATES   AND SALE
OF AMERICA INTERNAL REVENUE SERVICE, NEW
YORK CITY PARKING VIOLATIONS BUREAU, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD,
NEW YORK CITY TRANSIT ADJUDICATION BUREAU
AND "JOHN DOE #1" through "JOHN DOE #12", the last
twelve names being fictitious and unknown to plaintiff, the
persons or parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming interest
upon the premises described in the Complaint,

                                   Defendant(s).

----------------------------------------------------------------------------X

ALAN H. WEINREB, ESQ., hereby declares as follows:

       I am a partner with the law firm The Margolin & Weinreb Law Group, LLP, attorneys for the Plaintiff Spring Homes LLC ("Spring Homes" or "Plaintiff"), and I am fully familiar with all the pleadings and proceedings heretofore had herein.

       The instant affirmation is in response to the Court's July 25, 2016 directive regarding Plaintiff's Motion for a Default Judgment of Foreclosure and Sale (the "Motion"). The Honorable Peggy Kuo requested additional information from Plaintiff to enable the Court to determine the Motion. Plaintiff's responses are explained below, with documentation annexed, as follows:

1. <u>Documentary evidence of each of the alleged liens on the property</u>:

       Annexed hereto as **Exhibit A** are copies of the Judgement Liens, showing their respective filing dates and amounts, for each lienholder. They are named as defendants subordinate to Plaintiff's mortgage. Also annexed as part of **Exhibit A** is a schedule of party

defendants prepared by our foreclosure title company. It should be noted that all variations of the name of the borrower are searched.

The lienholder Defendants, i.e. New York State Department of Taxation and Finance, The United States of America Internal Revenue Service, New York City Parking Violations Bureau, New York City Environmental Control Board, and New York City Transit Adjudication Bureau (collectively, the "Subordinate Lienholders"), are each named in this action as subordinate lienholders to the lien of the foreclosing mortgage, whose lien has priority, and in which the Plaintiff is seeking to extinguish those subordinate liens as against the property pursuant to N.Y. R.P.A.P.L. 1301, *et seq.*, and more specifically N.Y. R.P.A.P.L. 1311.

N.Y. R.P.A.P.L. 1311 states, in part: "NECESSARY DEFENDANTS. Each of the following persons, whose interest is claimed to be subject and subordinate to the plaintiff's lien, <u>shall be made a party defendant to the action</u>: 3. Every person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." (emphasis added).

The end effect of this statute being that an appointed Referee in this foreclosure matter would convey his deed at public auction free and clear of the Subordinate Lienholders. Accordingly, Plaintiff is not requesting the determination of any liability of the Subordinate Lienholders, other than that they be deemed to be in default of answering the Complaint pursuant to the Clerk's Certificate of Default (Docket No. 12).

2. <u>Legal analysis showing that the liens are in rem, and not in personam:</u>

CPLR §5021(b) states: "Property against which a money judgment may be enforced: A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment. A money

judgment entered upon a joint liability of two or more persons may be enforced against individual property of those persons summoned and joint property of such persons with any other persons against whom the judgment is entered."

Under New York law, docketing a money judgment with the county clerk creates a lien on all real property located in that county in which the judgment debtor has an interest. It is *in rem* if the judgment debtor has an interest in realty when the judgment is docketed, the lien attaches to that property instantly and takes priority over any lien created by a subsequently docketed judgment. White's Bank of Buffalo v. Farthing, 101 N.Y. 344, 4 N.E. 734 (1885); Lacaille v. Feldman, 253 N.Y.S.2d 937, 956 (Sup.Ct.1964); see In re Sherwood's Estate, 83 Hun. 200, 31 N.Y.S. 409 (Sup.Ct.1894). However, as it is *in rem* with respect to realty acquired by the judgment debtor subsequent to the docketing of a judgment, the lien attaches to such property only upon its acquisition. Consequently, if more than one judgment has been docketed before the debtor acquires the real property, each judgment creates a lien thereon simultaneously with the others the moment the debtor obtains the realty; such judgment creditors share pro rata in the proceeds of realty acquired after their judgments were filed. Hulbert v. Hulbert, 216 N.Y. 430, 440, 111 N.E. 70 (1916).

3. Clarification as to who was served and where for each of the New York City Parking Violations Bureau, the New York State Department of Taxation & Finance, the New York City Environmental Control Board, and the New York City Transit Adjudication Bureau:

   a. **New York City Parking Violations Bureau and New York City Environmental Control Board**: Annexed hereto as **Exhibit B** are Amended Affidavits of Service for the New York City Parking Violations Bureau and New York City Environmental Control Board, which further specify the details of service. The Amended Affidavits of Service affirm that these New York City entities were served at NYC Corporation Counsel at 100 Church Street, New York, NY 10007. The documents were delivered to B. Mazyck, Clerk, who affirmed that he/she is authorized to accept service on behalf of each respective New York City entity.

b. **New York State Department of Taxation & Finance**: Annexed hereto as **Exhibit C** is a print-out from the Department of Taxation & Finance official website (http://www.tax.ny.gov) which indicates that "Service of Legal Papers" is to be made at NYS Department of Taxation and Finance, Building 9, WA Harriman Campus, Albany, NY 12227. Pursuant to the Affidavit of Service filed as Docket No. 6, the Summons and Complaint were served at the aforementioned address upon Mary Hart, Designated Agent who stated that she is authorized to accept service on behalf of the New York State Department of Taxation & Finance.

c. **New York City Transit Adjudication Bureau**: Pursuant to our process server, NYC Corporation Counsel will not and does not accept service on behalf of the New York City Transit Adjudication Bureau. The NYC Transit Adjudication Bureau is located at 130 Livingston Street, Brooklyn, NY 11201, which is the address at which the NYC entity was served with the Summons and Complaint in this action. As affirmed by the process server, the documents were served upon L. Sterling, Clerk, who stated that he/she is authorized to accept service for the New York City Transit Adjudication Bureau.

4. <u>Documentary evidence as to the method of interest calculation authorized by the mortgage and clarification by affirmation as to the correct daily amount of interest:</u>

Annexed hereto as **Exhibit D** is an amended Affidavit of Amounts Due, dated August 2, 2016, affirmed to by Phillip Graham, member of Plaintiff, which corrects and explains the proper calculation of interest, which is based on a 365 day year.[1] As of July 25, 2016, the outstanding principal balance is $373,847.55. As of July 25, 2016, the past due interest owed on the Loan is $128,940.46. Pursuant to the Note, interest was fixed at a rate of 5.25%. The calculation of interest is as follows. The daily rate of interest is $53.77, which is obtained by taking 5.25% of $373,847.55 which equals $19,627.00 divided by 365 days in the year. There are 2,398 days from the interest due date of January 1, 2010 through July 25, 2016. The amount of interest is therefore calculated by multiplying $53.77 by 2,398 days, which totals $128,940.46. Accordingly, the total amount owed as of July 25, 2016 equals $502,788.01 ($373,847.55 in principal plus $128,940.46 in interest).

---

[1] The Affidavit of Amounts Due previously submitted by Plaintiff as Exhibit "C" to the Motion mistakenly calculated interest based on a 360-day year.

HEREBY declare under penalty of perjury that the above statements are true and correct to be best of my knowledge, information and belief.

Dated: Syosset, New York
       August 2, 2016

THE MARGOLIN & WEINREB
LAW GROUP, LLP

By: /s/ Alan H. Weinreb_____
    ALAN H. WEINREB, ESQ.
    *Attorneys for Plaintiff*