UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

SPRING HOMES LLC,                                                    Civil Action No.: 14-cv-6605

                             Plaintiff,

        -against-                                            REFEREE'S REPORT OF SALE

RIVERA, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, THE UNITED STATES
OF AMERICA INTERNAL REVENUE SERVICE, NEW
YORK CITY PARKING VIOLATIONS BUREAU, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD,
AND "JOHN DOE #1" through "JOHN DOE #12", the last
twelve names being fictitious and unknown to plaintiff, the
persons or parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming interest
upon the premises described in the Complaint,

                          Defendants.
--------------------------------------------------------------------X

        The undersigned, the Referee appointed herein pursuant to a Judgment of Foreclosure
and Sale entered in this action on November 29, 2016 to sell the mortgaged premises more
particularly described therein, does respectfully report as follows:

1.  That I caused due notice of sale of said premises on March 2, 2017 at the same time and
    place set forth in the Notice of Sale, to be given and published according to law and the
    rules and practice of this Court and the said Judgment, as will more fully appear by the
    affidavits hereto annexed.

2.  That at said time and place I attended in person and offered said premises for sale at
    public auction in one parcel to the highest bidder, and sold the same to plaintiff for the
    sum set forth in the Memorandum of Sale annexed hereto and made a part hereof, that
    being the highest sum bid therefore.

3.  That payment of at least ten percent (10%) deposit of the sum bid was waived by
    plaintiff's attorney.

4.  That subsequent to said sale and in accordance with the terms of the Judgment in this
    action I executed, acknowledged and delivered to said purchaser the usual Referee's deed
    for said premises.

5.  The proceeds of the sale have been disposed of as set forth in the "Referee's Schedule of
    Computation" annexed hereto and made a part of this Report and there is a deficiency
    owed to plaintiff.

Dated: *March 16, 2017*

_____

Charles L. Emma, Esq.
Referee

SPRING HOMES LLC

v.

JEANETTE RIVERA, et al.

Civil Action No.: 14-cv-6605

SCHEDULE B

| | |
|---|---|
| Amount due on Note and Mortgage per Judgment entered 11/29/16 | $506,605.68 |
| Interest on principal balance ($373,847.55) from 8/10/2015 schedule b computation in Ref's Oath) up to (Day before 11/28/16 (------ days) at Contract Rate of 5.250% | $25,649.53 |
| Interest on judgment amount ($506,605.68) from 11/29/16 up to and including 3/2/17 (--- days) at statutory rate of nine percent (9%) per annum | $11,742.15 |
| SUBTOTAL | $543,997.36 |
| Referee's Fees | $1,500.00 |
| Advertising Fees | $1,378.15 |
| SUBTOTAL | $2,878.15 |
| New York State Transfer Tax | $2,026.42 |
| TOTAL | $548,901.93 |
| Less amount paid by Purchaser | ($350,000.00) |
| BALANCE   Deficiency | $198,901.93 |

Dated: *March 16, 2017*

_____

Charles L. Emma, Esq.
Referee

<u>VERIFICATION</u>

STATE OF NEW YORK      )
                              )ss:

COUNTY OF  Kings        )


       The undersigned, being duly sworn deposes and says:

That (s)he is the Referee duly appointed herein to make the sale in the above entitled action and the officer who made such sale; that the report signed by him/her is in all respects true and accurate and said report and statements annexed contain a true, accurate and complete report of the disposition of the proceeds of such sale.


_____

Charles L. Emma, Esq.
Referee


Sworn to before me this

____ll____ day of March_____ , 2017


_____
NOTARY PUBLIC

GARY E. HANNA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02HA6089842
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES OCTOBER 06, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SPRING HOMES LLC,                                                    Civil Action No.: 14-cv-6605

                                              Plaintiff,

                    -against-

                                                                    AFFIDAVIT OF SERVICE

JEANETTE RIVERA, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, THE UNITED STATES
OF AMERICA INTERNAL REVENUE SERVICE, NEW
YORK CITY PARKING VIOLATIONS BUREAU, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD,

                                              Defendant(s).
-------------------------------------------------------------------X

STATE OF NEW YORK)
                            )ss:
COUNTY OF NASSAU )

      Gina Votta, being duly sworn, deposes and says:

      That I am not a party to the action, am over the age of 18 years and reside in Suffolk County, State of New York.

      That on January 11th, 2017, deponent served the within Notice of Sale by depositing a true copy thereof in a post paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

Jeanette Rivera
249-15 145th Avenue
Rosedale, New York 11422

The New York State Department of Taxation and Finance
Building 9, WA Harriman Campus
Albany, NY 12227

The New York City Parking Violations Bureau
100 Church Street
New York, NY 10007

The New York City Environmental Control Board
100 Church Street
New York, NY 10007

The New York City Transit Adjudication Bureau
100 Church Street
New York, NY 10007

Charles Emma, Esq.
8410 3rd Avenue- 2nd Floor
Brooklyn, NY 11209

_____
Gina Votta

Sworn to before me this
11 day of January, 2017

_____
Notary Public

ALYSSA L. KAPNER
Notary Public, State of New York
No. 02KA6237456
Qualified in Nassau County
Commission Expires March 21, 20___

NOTICE OF SALE

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK.  SPRING HOMES LLC, Pltf. vs. JEANETTE RIVERA, et al, Defts. Civil Action #14-CV-6605 –NG-PK.  Pursuant to judgment of foreclosure and sale dated Nov. 29, 2016, I will sell at public auction at the United States District Court for the Eastern District of New York, located at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY on Feb. 9, 2017 at 11:00 a.m. prem. k/a 249-15 145th Avenue, Rosedale, NY a/k/a Section 57, Block 13581, Lot 23.  Said property beginning at a point on the Northerly side of 145th Ave., distant 145 ft. Easterly from the corner formed by the intersection of the Northerly side of 145th Ave. with the Easterly side of 249th St., being a plot 100 ft. x 45 ft.  Approx. amt. of judgment is $506,605.68 plus costs and interest.  Sold subject to terms and conditions of filed judgment and terms of sale and the right of the United States of America to redeem within 120 days from the date of sale as provided by law.  CHARLES EMMA, Referee.  THE MARGOLIN & WEINREB LAW GROUP, LLP, Attys. for Pltf., 165 Eileen Way, Ste. 101, Syosset, NY. #90386

**Affidavit of Publication**

State of New York,
County of New York, ss.:

LEGAL NOTICE

NOTICE OF POSTPONEMENT OF SALE THE BELOW SALE WAS ORIGINALLY SCHEDULED FOR FEB. 9, 2017 AT 11:00 A.M. AND IS BEING ADJOURNED TO MARCH 2, 2017 AT 11:00 A.M. AT THE SAME PLACE. CHARLES EMMA, REFEREE. UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK. SPRING HOMES LLC, Pltf. vs. JEANETTE RIVERA, et al, Defts. Civil Action #14-CV-6605 –NG-PK. Pursuant to judgment of foreclosure and sale dated Nov. 29, 2016, I will sell at public auction at the United States District Court for the Eastern District of New York, located at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY on MARCH 2, 2017, 2017 at 11:00 a.m. prem. k/a 249-15 145th Avenue, Rosedale, NY a/k/a Section 57, Block 13581, Lot 23. Said property beginning at a point on the Northerly side of 145th Ave., distant 145 ft. Easterly from the corner formed by the intersection of the Northerly side of 145th Ave. with the Easterly side of 249th St., being a plot 100 ft. x 45 ft. Approx. amt. of judgment is $506,605.68 plus costs and interest. Sold subject to terms and conditions of filed judgment and terms of sale and the right of the United States of America to redeem within 120 days from the date of sale as provided by law. CHARLES EMMA, Referee. THE MARGOLIN & WEINREB LAW GROUP, LLP, Attys. for Pltf., 165 Eileen Way, Ste. 101, Syosset, NY. #90961

The undersigned is the publisher of the *Daily News*, a daily newspaper published in New York, New York. The notice, of which the annexed is a true copy, has been published in said newspaper in the Island Edition on

2/17/17

Daily News, L.P., Publisher

By: _____

Printed Name: _____

Authorized Designee of Daily News, L.P., Publisher of the *Daily News*

Sworn to before me this _21_ day of _Feb_, 2017.

_____
Notary Public

VALERIE VELE
Notary Public, State of New York
L..... VE08... 085
Qualified in Dutchess County
Commission Expires April 25, 2020

# Ashley Legal Advertising Corp.

**PO Box 851**
**Port Washington, NY 11050**
**Phone: (516) 767-5155**
**Fax: (516) 767-1211**

# INVOICE

Order Number:        90961
Invoice Date:        2/15/2017

The Margolin & Weinreb Law Group LLP
165 Eileen Way Ste. 101
Syosset, NY 11791

| **Order Details:** |
| --- |
| File No: 14-cv-6605 |
| Case: Spring Homes v. Jeanette Rivera |
| Addr: 249-15 145th Ave. Rosedale, NY |
| Sale Date: 3/2/2017 at 11:00 am |

| Service | Description | Amount |
| --- | --- | --- |
| Publication: | Publish in Daily News - Queens on Feb. 17, 2017 | $1,378.15 |

|  |  |
| --- | --- |
| Invoice Total: | $1,378.15 |
| Balance Due: | $1,378.15 |

Affidavits of publication will be sent upon payment.
Outstanding balance over 30 days will incur finance charges of 2%
(APP 24% per year)

SPRING HOMES LLC,

v.

JEANETTE RIVERA, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, THE UNITED STATES
OF AMERICA INTERNAL REVENUE SERVICE, NEW
YORK CITY PARKING VIOLATIONS BUREAU, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD

Civil Action Number: 14-CV-6605

Premises: 249-15 145th Avenue, Rosedale, New York

-------------------------------------------------------------------

TERMS OF SALE

The premises described in the annexed advertisement of sale will be sold in accordance with the Judgment of Foreclosure and Sale and upon the following terms:

1.  Ten percent (10%) of the purchase money of said premises will be required to be paid in cash or certified check to the said Referee at the time and place of sale, for which the Referee's receipt will be given.

2.  The residue of said purchase money will be required to be paid in cash or certified check to the Referee at the Plaintiff's attorney's office, located at 165 Eileen Way, Suite 101, Syosset, New York 11791, thirty (30) days from the date hereof or the next business day thereafter, at 2:00pm, when the said Referee's Deed will be ready for delivery, time being of the essence, as to the purchaser only.

3.  The referee shall conduct the foreclosure sale only if plaintiff, its successors and/or assigns, or its representative is present at the sale or the referee has received a written bid and Terms of Sale from plaintiff, its successors and/or assigns, or its representative.

4.  The Referee is not required to send any notice to the purchaser; and if purchaser neglects to call at the time and place above specified to receive his deed, he will be deemed to be in default under these Terms of Sale and shall pay Plaintiff its successors and/or its assigns interest thereafter on the whole amount of his purchase at the judgment rate, or nine percent (9%) per annum to the ultimate date of delivery of the Referee's Deed, plus any additional costs and fees, including attorney fees.

5.  The Referee shall be required to pay all unpaid taxes, assessments, or water rates which, at the time of sale, are liens upon the premises. In a city of 300,000 or more, or any city having a population between one hundred fifty thousand and one hundred seventy-five thousand, the Referee shall pay out of the proceeds any liens or encumbrances placed by a city agency which, at the time of sale have priority over the foreclosed mortgage. The

aforesaid terms of this paragraph 5 do not apply if the Plaintiff shall, previous to the delivery of the deed, produce to the Referee proof of the payment thereof. In the event that the plaintiff shall have advanced monies for taxes, assessments, water charges, sewer rents or hazard insurance covering a period which is later in time than the foreclosure sale date, Purchaser herein agrees to reimburse plaintiff for such advances.

6. The purchaser of said premises will, at the time and place of sale sign a memorandum of his purchase, and an agreement to comply with the terms and conditions of sale herein contained.

7. The bidding will be kept open after the property is struck down; and in case any purchaser shall fail to comply with any of the above conditions of sale the referee reserves the right to sell the premises to the second highest bidder or, the premises so struck down to him will be again put up for sale under the direction of said Referee under these same terms of sale, without application to the Court, unless Plaintiff's attorney shall elect to make such application. Upon default, all sums paid on account of the purchaser's bid at the first sale will be forfeited and paid over by the Referee to the Plaintiff as liquidated damages. Upon resale, the original purchaser will be held liable for any deficiency there may be between the successful bid at the first sale and the bid at the resale, with interest on the original bid at 9% per annum from the date of the first sale to the date of the ultimate delivery of the referee's deed.

8. The premises are being sold in "as is" condition as of the date of closing and sold subject to:

    (a) Any state of facts an accurate survey may show including but not limited to reapportionment of tax lots and/or changes to the section, block and lot and/or variations between the legal description and the tax map designation;

    (b) Any building and zoning regulations, restrictions, ordinances and any amendments thereto;

    (c) Any rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

    (d) Any covenants, reservations and easements of record;

    (e) Any municipal departmental violations and/or notices of violations issued by same, including but not limited to code violations and reapportionment of lot lines;

    (f) Any orders or requirements issued by any governmental entity having jurisdiction against or affecting said Premises and violations of same, including but not limited to any type of Notice of Pendency filed by same;

(g) Any tenants or occupants in possession;

(h) Any hazardous materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances;

(i) Any prior liens, encumbrances, and/or prior mortgages, if any;

(j) The right of redemption of the United States of America;

(k) Any rights pursuant to CPLR Sections 317, 2003 and 5015 or any appeal of the underlying action;

(l) And any such other provisions as may be set forth in the Complaint and Judgment filed in this action.

The foregoing will not constitute a valid exception to clear title or a valid reason to adjourn the closing date.

9. The successful bid shall be subject to any arrangements made prior to the sale between the plaintiff and the defendant borrower(s) for the reinstatement, payoff, modification or workout of the delinquent note and mortgage which are at this time unknown to the Referee. In such event, the sale shall be deemed null and void and any deposit promptly refunded to the high bidder, without recourse against the Referee, the plaintiff, the plaintiff's attorneys, agents and/or assigns or the defendant borrower(s).

10. Plaintiff makes no representation or warranties with respect to the marketability or insurability of the title to the premises being sold. In the event that the Referee is unable to convey title subject as set forth herein and/or in the Judgment of Foreclosure and Sale, or the Referee's Deed is found to be defective subsequent to the delivery of the deed, purchaser's remedy shall be limited to the return of those sums actually paid on account of the purchase price, and neither the Referee nor the Plaintiff nor Plaintiff's attorneys herein shall be liable to the purchaser for any consequential or other damages whatsoever, or for any monies advanced for any purpose whatsoever by purchaser. If purchaser is obtaining title insurance, then a copy of the title report must be received by plaintiff's attorney's office no later than fourteen (14) days prior to the closing date as noted in paragraph 2.

11. That all expenses of closing, including but not limited to Plaintiff's closing costs, attorneys' fees; costs of recording the Referee's Deed, including, Real Property Transfer Tax, and Transfer Stamps, if any, shall be borne by the purchaser. In the event the purchaser chooses to obtain a survey he/she does so at his/her sole expense and same shall not be a justification for not closing within the time period provided in paragraph 2 above.

12. If there is a conflict between these Terms of Sale and any pleading filed in the foreclosure action, then the provision of these Terms of Sale shall control.


Dated:    3/2/17


_____
Charles L. Emma, Esq.
Referee

DATE OF AUCTION: March 2, 2017

PREMISES: 249-15 145th Avenue, Rosedale, New York

CAPTION:

SPRING HOMES LLC,
v.

JEANETTE RIVERA, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, THE UNITED STATES
OF AMERICA INTERNAL REVENUE SERVICE, NEW
YORK CITY PARKING VIOLATIONS BUREAU, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD

MEMORANDUM OF SALE

The Plaintiff has, on the date hereof, purchased the premises described in the annexed printed advertisement of sale for the sum of

_Three hundred fifty thousand_ _____

($ _350,000_ )

And hereby promises and agrees to comply with the terms and conditions of the sale of said premises as above mentioned and set forth, and hereby waives the ten percent (10%) deposit to be made hereunder.

Dated: 3-2-17

BY:  The Margolin & Weinreb Law Group, LLP

Charles L. Emma, Esq.
Referee

TO BE COMPLETED FOR EVERY SALE BY COURT APPOINTED REFEREE
AND FILED WITH THE COUNTY CLERK AND CHAMBERS WITHIN 30 DAYS OF SALE

FORECLOSURE ACTION SURPLUS MONIES FORM

USDC FDNY

SUPREME COURT OF THE STATE OF NEW YORK
(COUNTY) COUNTY

---

Spring Homes LLC

                                    Plaintiff

-against-

Jeanette Rivera

                                    Defendant(s)

Part _____

Hon. _____

Index No. 14-CV-6605

---

Property Address: 249-15 145th Ave Rosdale NY      Sale Date: 3/2/17

A. Were there surplus funds?          ___ Yes      ☒ No

B. To be completed by the Referee
   Amount of the final judgment of foreclosure      $ 506,605.68
   Sale price of property                           $ 350,000.00
   Upset price                                      $ 350,000
   Surplus amount                                   $ 0

C. To be completed by Referee conducting the sale (please print)

   Name: Charles L. Emma, Esq          Telephone: (718) 232-3001
   Address: 8410 3rd Ave, Brooklyn, NY 11209
   E-mail Address: Law Firm NYC @ aol.com
   Signature and Date: _____ 3/2/17

D. To be completed by Plaintiff's          E. To be completed by Purchaser
   Representative

   Name(please print)                     Name (please print)
   Jessica Clatona /Ashley Legal          Spring Homes LLC c/o Margolin&Weinreb, LLP
   Address: 2-8 Haven Av Ste 207          Address: 165 Eileen Way, Ste 101
   Port Washington NY 11050               Syosset, NY 11791
   E-mail Address: ashley legal.com       E-mail Address: alan@nyfclaw.com
   Telephone: 16-767-5155                 Telephone: 516-945-6055

   Signature and Date: ___ 3/2/17         Signature and Date: ___ 3-2-17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SPRING HOMES LLC,                                    Civil Action No.: 14-cv-6605

                              Plaintiff

        -against-

JEANETTE RIVERA, et als.

                              Defendants.
---------------------------------------------------------------X


-------------------------------------------------------------------------------------------------

                        REFEREE'S REPORT OF SALE

-------------------------------------------------------------------------------------------------


                THE MARGOLIN & WEINREB LAW GROUP, LLP
                        Attorneys for Plaintiff
                      165 Eileen Way, Suite 101
                        Syosset, NY 11791
                    516-921-3838/516-945-6055